# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:08-CR-00099-FL-1
NO. 5:11-CV-00166-FL

| | | |
|---|---|---|
| CHRISTOPHER RAY PARRISH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-58) petitioner Christopher Parrish's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") (DE-52). Pursuant to 28 U.S.C. 636(b)(1), this matter was referred to the undersigned for the entry of a memorandum and recommendation. The undersigned recommended the Court grant Parrish's motion to vacate and resentence him in accordance with United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (DE-69). While all parties agree that resentencing is appropriate under Simmons, the district court has requested the undersigned address Parrish's ineffective assistance of counsel claims before the case is set for resentencing. (DE-70). For the reasons stated herein, the undersigned RECOMMENDS that Parrish's remaining claims of ineffective assistance of counsel in his

1

motion to vacate (DE-52) be DENIED, and that the Court GRANT the government's motion to dismiss (DE-58) these claims.

## I.  BACKGROUND

On August 5, 2008, Parrish pled guilty to possession with the intent to distribute marijuana and possession of a firearm in furtherance of a drug offense.   (DE-27, DE-29). The district court sentenced him to 262 months' imprisonment and judgment was entered against him on December 11, 2008.   (DE-37).   Parrish appealed to the Fourth Circuit, arguing that his trial counsel provided ineffective assistance of counsel by failing to object to the probation officer's recommendation that he qualified for sentencing as a career offender.   (DE-49).   The Fourth Circuit affirmed the judgment of the district court, noting that its "review of the record leads us to conclude that it fails to establish that counsel was ineffective." (DE-49, p.4).   The United States Supreme Court denied certiorari.  *See* United States v. Parrish, 360 Fed. Appx. 448 (4th Cir.), *cert. denied*, 130 S. Ct. 2362, 176 L. Ed. 2d 576 (2010).

On April 7, 2011, Parrish filed his motion to vacate under 28 U.S.C. § 2255, asserting ineffective assistance of counsel on multiple grounds.   The government contends this issue is without merit and asks the Court to dismiss Parrish's claims of ineffective assistance of counsel.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

The government seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," id. at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." Id. at 570.

**B.  28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence. *See, e.g.*, <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); <u>Toribio-Ascencio v. United States</u>, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

## C.    <u>Effect of Petitioner's Guilty Plea</u>

A valid guilty plea constitutes admission of the material elements of the crime. <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of

4

[defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

## D. Ineffective Assistance of Counsel

Parrish asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## III. ANALYSIS

Parrish argues his counsel (1) failed to raise speedy trial violations; (2) failed to properly advise him about his plea agreement, the sentencing guidelines, and his career offender status; (3) failed to move for withdrawal of the guilty plea following inadequate

Rule 11 proceedings; (4) failed to object to the district court's consideration of improper sentencing factors; and (5) failed to object to the district court's decision to impose a sentence before allowing Parrish an opportunity to speak. These arguments are addressed in turn.

### A. **Speedy Trial Act**

Parrish argues his counsel should have sought to dismiss the case based on asserted violations of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*. Specifically, Parrish believes the Court failed to make adequate findings on the record demonstrating its reasoning that the two continuances it granted in his case served the ends of justice and outweighed the best interests of the public and the defendant in a speedy trial. Because the Court neglected to make such findings, contends Parrish, his counsel should have moved the Court to dismiss the indictment against him. Parrish argues his counsel's failure to pursue a "dead bang winner" constitutes ineffective assistance.

The Speedy Trial Act ("the Act") requires that a defendant's trial "commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act provides for several excludable delays, including those resulting from the grant of a continuance where the district court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial;" trial on other charges; and the filing of pretrial motions. 18 U.S.C. §§ 3161(h)(1)(B), (D), (7)(A). If the defendant's

6

trial does not begin within seventy days and the delay is not excludable, the district court "shall" dismiss the indictment with or without prejudice on motion of the defendant. 18 U.S.C. § 3162(a)(2); United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008). The defendant bears the burden of proving a Speedy Trial Act violation. 18 U.S.C. § 3162(a)(2).

The Act lists several factors that the district court must consider when making the "ends of justice" assessment required by § 3161(h)(7)(A), including whether the defendant needs reasonable time to obtain counsel, whether counsel needs additional time for effective preparation of the case, and whether delay is necessary to ensure continuity of counsel. § 3161(h)(7)(B)(iv). Before a delay can be considered excludable from the seventy-day computation, the district court must explain, "either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The district court is required to state its findings on the record by the time it rules on the defendant's motion to dismiss. Zedner v. United States, 547 U.S. 489, 506-07 (2006). It also must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." Henry, 538 F.3d at 304. If a district court fails to state its findings on the record, then the delay is not excludable under the Act. Zedner, 547 U.S. at 507.

Parrish asserts more than seventy days passed between his initial appearance and his guilty plea in violation of the Speedy Trial Act and argues that the two continuances

granted by the Court citing the "ends of justice" are ineffective due to a lack of on-the-record findings as to why the ends of justice would be met, contrary to the requirements of <u>Zedner</u>.  *See id.* at 507 (stating that "without on-the-record findings, there can be no exclusion under § 3161(h)(7)").   He contends his counsel should have moved to dismiss the indictment, and that the failure to do so constitutes ineffective assistance of counsel.   This argument fails on multiple grounds.

The two thirty-day continuances in this case were granted at the request of defense counsel.  (DE-19, DE-21).   In both instances, appointed counsel for Parrish indicated he needed additional time to effectively prepare and advise Parrish.   Parrish also requested additional time to explore retaining private counsel.   Reasonable time to obtain counsel and additional time for effective preparation are factors expressly set forth in 18 U.S.C. § 3161(h)(7)(B)(iv) for the court's consideration of whether a continuance will serve the ends of justice.   In the instant case, the Court considered Parrish's reasons for requesting the two continuances and found, in both instances, that "for good cause shown" the motions to continue should be granted and that "the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial."  (DE-20, DE-22).   Although the Court did not precisely articulate its reasons for granting the continuances in its orders, it is nevertheless "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance."   <u>Henry</u>, 538 F.3d at 304; *see also* <u>United States v. Muhammad</u>, No. 2:08-1237-PMD-1, 2011 U.S. Dist. LEXIS 45099, at *9-15 (D.S.C. Apr. 26, 2011)

(finding no Speedy Trial Act violation based on lack of "ends-of-justice" findings set forth in the record where the continuances were either granted at the request of defense counsel or in open court, and the reasons were either stated by counsel or the court). The Court was only required to state its findings on the record by the time it ruled on a motion to dismiss. *See* Henry, 538 F.3d at 304. Here, however, no motion to dismiss was filed, and the Court therefore was never given an opportunity to set forth its reasoning in greater detail. Parrish therefore fails to show that the Court neglected to make express "ends-of-justice" findings in violation of the Speedy Trial Act. If counsel for Parrish had brought a motion to dismiss based on the Court's failure to make express findings, it is beyond dispute that the Court would have simply made explicit rather than the implicit findings made and accordingly would have denied the motion. Because no Speedy Trial Act violation occurred, Parrish cannot show deficient performance by counsel in failing to pursue a meritless motion to dismiss. *See* United States v. Mallory, No. 1:09-CR-228, 2010 U.S. Dist. LEXIS 26042, *6-10 (E.D. Va. Mar. 19, 2010) (concluding that the court carefully considered the reasons proffered by defense counsel for granting a continuance and that no Speedy Trial Act violations occurred).

Even if Parrish could show a violation of the Speedy Trial Act, and a corresponding failure of performance by counsel, he nonetheless fails to demonstrate prejudice. If his counsel had moved the Court to dismiss the case against him, and persuaded the Court that his rights had been somehow violated, the Court would have had to decide whether to dismiss the case with or without prejudice after considering the factors set forth in 18

U.S.C. § 3162(a)(1). Section 3162(a)(1) sets forth several factors to be considered in determining whether to grant dismissal with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* It is clear from the record that any dismissal would have been without prejudice. The charges against Parrish were serious, and the impact of a reprosecution on the administration of the Speedy Trial Act, in particular, and the administration of justice, in general, would have been slight. *See, e.g.*, Mallory, 2010 U.S. Dist. LEXIS 26042, at *9 n.3 ("It is worth noting that had any Speedy Trial Act violations occurred, the dismissal of the indictment would have been without prejudice. Indeed, each of the statutory factors governing this issue militate in favor of a non-prejudicial dismissal: (i) the seriousness of the offense, (ii) the facts and circumstances leading to dismissal, and (iii) the impact of a reprosecution on the administration of justice. § 3162(a)(2). In particular, the fact that defendant repeatedly requested the continuances that were granted and cited reasons that fell within the scope of the ends-of-justice analysis is a circumstance strongly favoring a non-prejudicial dismissal."); Merica v. United States, No. 7:07-CV-00350, 2007 U.S. Dist. LEXIS 93721, at *9-10 (W.D. Va. Dec. 21, 2007) (rejecting ineffective assistance of counsel argument raised in a 28 U.S.C. § 2255 petition because the petitioner failed to show that his counsel's failure to raise a speedy trial issue prejudiced him, as any dismissal of the case would have been without prejudice); Milligan v. United States, No. 06-54T26EAJ, 2006 U.S. Dist. LEXIS 9746, *1-4 (M.D. Fla. Feb. 16, 2006) (concluding

10

that a § 2255 petitioner failed to establish prejudice where he failed to show "a reasonable probability that the outcome of the proceedings would have been different had his counsel moved to dismiss the indictment").

Because no Speedy Trial Act violation occurred, Parrish cannot show any deficient performance arising from his counsel's failure to move for dismissal of the indictment. He moreover fails to demonstrate prejudice arising from any alleged deficiency of performance. As such, he does not state a claim for ineffective assistance of counsel, and the undersigned therefore RECOMMENDS that this claim be dismissed pursuant to the government's motion.

### B. **Failure to Properly Advise**

Parrish claims his counsel provided ineffective assistance by failing to properly advise him as to the advantages and disadvantages of his plea agreement, and by telling him that his sentence would not be enhanced under the Armed Career Criminal Act.

Parrish's present arguments as to his counsel's shortcomings, however, contradict sworn statements he made at his plea hearing. At that time, the Court made the following inquiry:

> THE COURT: . . . . Mr. Parrish, have you had time to and have you, in fact, discussed your case and your plea with your attorney, Ms. Gorecki-Robbins?
>
> A. Yes, sir.
>
> THE COURT: Are you satisfied with her representation of you?
>
> A. Yes.

THE COURT: Are you satisfied with her advice and counsel to you?

A. Yes.

THE COURT: Has she been a good lawyer for you?

A. Yes.

. . . .

THE COURT: All right, Mr. Parrish, I've been handed a document entitled Memorandum of Plea Agreement, appears to be dated first day of August, 2008, appears to be signed by you and your attorney, M[s.] Gorecki-Robbins, as well as Mr. Cowley, the assistant U.S. attorney handing your case. Now, in that plea agreement, among other things, it appears that you've agreed to plead guilty to Counts II and III of the Bill of Indictment against you. Now, I ask you, Mr. Parrish, did you have the opportunity to thoroughly read and review this plea agreement with Ms. Gorecki-Robbins, your attorney, before you signed it?

A. Yes.

THE COURT: After you thoroughly read and reviewed the plea agreement with your attorney, did you understand all the terms, language, words, phrases, even the legal words and phrases used in the plea agreement?

A. Yes.

. . . .

THE COURT: All right. Have you discussed with Ms. Gorecki-Robbins the fact this plea agreement contains an appeal waiver which makes it extremely difficult for you to appeal whatever sentence the chief judge might impose?

A. Yes.

THE COURT: And you're sure about that.

A. Yes.

THE COURT: And do you understand that any sentencing recommendation

contained in this plea agreement is just that, a recommendation, and that Chief Judge Flanagan is free to impose whatever sentence she believes is just and proper under the circumstances?

A. Yes, sir.

THE COURT: Are you sure about that?

A. Unh hunh.

THE COURT: All right. And, Mr. Parrish, do you understand if you plead guilty to Counts II and III today, that you can't come back later and change your mind and ask for a trial on those two charges?

A. Yes.

THE COURT: Have you answered all my questions truthfully?

A. Yes.

(DE-47).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 73-74. Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

13

Here, Parrish offers no clear and convincing evidence to support his present allegations that, contrary to the statements he made at his plea hearing, his attorney failed to advise him about the risks and benefits of his plea agreement, or that he did not understand he could be sentenced as a career offender. There is moreover no evidence to suggest that absent counsel's alleged deficient performance, Parrish would "not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59. Inasmuch as the Court has already acknowledged that Parrish was improperly sentenced as a career offender and that resentencing is appropriate (DE-70), he has already been granted relief and can show no prejudice arising from his counsel's alleged statement that he would not be sentenced as a career criminal. Indeed, his counsel's prediction regarding his career offender status has been proven correct, in light of the Fourth Circuit's subsequent decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). Because Parrish has not carried his burden in demonstrating either deficient performance by counsel or prejudice arising from any alleged deficiencies, he fails to state a claim for ineffective assistance of counsel. The undersigned therefore RECOMMENDS that his claim on this ground be denied and the government's motion to dismiss be granted.

## C. **Rule 11 Proceedings**

Parrish contends his Rule 11 hearing was inadequate because the presiding judge initially addressed the assembled defendants as a group before conducting Parrish's individualized Rule 11 colloquy. He contends his attorney was constitutionally ineffective for failing to object to this manner of proceeding.

14

"In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116-117 (4th Cir. 1991). "'The manner of ensuring that the defendant is properly informed is committed to the good judgment of the district court, to its calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence.'" *Id.* (quoting United States v. Reckmeyer, 786 F.2d 1216, 1221 (4th Cir.), *cert. denied*, 479 U.S. 850 (1986)). The Fourth Circuit has specifically considered a Rule 11 inquiry similar to the one Parrish received. *See* United States v. Williams, 141 Fed. Appx. 112, 114 (4th Cir. 2005) (per curiam) (unpublished) ("Although the court did not address Williams personally about the waiver provision in his plea agreement, the court warned the group of defendants, including Williams, that a waiver of the right to appeal in a plea agreement could be binding. When he was questioned personally by the court, Williams assured the court that he had read and understood the plea agreement which he had signed.").

In this case, after addressing the defendants as a group, the presiding judge personally conducted an individualized and lengthy colloquy with Parrish to ensure that he was properly informed as to his rights. As the presiding judge properly conducted the Rule 11 hearing, counsel for Parrish had no basis for a meritorious objection to the proceeding. Parrish therefore fails to state a claim for ineffective assistance of counsel on this basis. The undersigned accordingly RECOMMENDS the Court deny this claim and grant the government's motion to dismiss.

15

## D. **Sentencing Proceedings**

Parrish argues his counsel was ineffective for failing to object to what he contends are irregular sentencing proceedings. Parrish asserts the district court imposed its sentence in order to "send a message" to the state courts of North Carolina. He also claims he was not given the opportunity to address the court before sentencing. The undersigned finds no factual basis for either assertion.

At sentencing, Parrish's attorney, Ms. Anita Gorecki-Robbins, spoke of differences between the federal and state court systems. Ms. Gorecki-Robbins explained that her clients who have experience in the state court system are often surprised by stiffer penalties involved in federal sentencing. Reviewing Parrish's criminal history, Ms. Gorecki-Robbins noted that he "only served six months" of active prison time for the two offenses to which he pled guilty in state court, and that he could not be considered an habitual felon under North Carolina law. (DE-45, p.6). The two offenses were consolidated for judgment in state court, but were counted as separate offenses in federal court for purposes of the Armed Career Criminal Act. She then stated:

> I almost personally feel that someone who practices in state and federal court now -- not that I'm ethically required to by my license -- I personally feel it's almost ineffective assistance of counsel for my state clients who might fall into a situation like Mr. Parrish's, a consolidated judgment, would have no earthly idea of what could possibly happen if they get in trouble again. I've personally, since this case, taken it upon myself to make people aware about the federal sentencing guidelines, because in Cumberland County these judgments get consolidated quickly and moved out very quickly.

(DE-45, p.8).

In response to Ms. Gorecki-Robbins' remarks and further argument she made in support of

a downward variance from the sentencing guidelines, the district court stated:

> You know, I fully understand your argument. Unfortunately, it is not
> so unique. You've been seated in the courtroom, and, basically, this is now
> the third county that has been discussed by name as processing through the
> system people who have committed egregious criminal acts and just
> basically slapping them over the wrist.
>
> Craven County was one, Halifax County was another, and now we
> add Cumberland County to what's been discussed here today as a defendant
> having had numerous contact with the state criminal justice system,
> continues to engage in criminal acts, and finds himself seated where you're
> seated here today, Mr. Parrish. I think your remarks about how this has
> changed your practice, you know, are very important ones to be heard. I
> mean, it doesn't necessarily affect Mr. Parrish, but others like him. And
> perhaps the message will really be heard by those who are responsible for
> imposing sentences at the state level.
>
> But now, since your client's graduation from high school in June of
> 2002, you had a chance to continue your education; you had a chance to get a
> job; but you decided to sell drugs. And since 2003 you've been arrested on
> five separate occasions on charges that relate to selling or distributing
> significant quantities of marijuana.
>
> And, so, I'm compelled to conclude that your arrest history, while
> you've only served a very small amount of time in prison, demonstrates a
> repeated disregard for the law. And you've had opportunities to wake up
> before, and you have not so done. More than one opportunity.
>
> While awaiting trial on charges relating to the July 9, 2005, arrest for
> felonious drug charges, you get arrested on February 9, 2006, for very
> similar conduct. And although you were just sentenced to just six to eight
> months for those offenses, three months after you got out of the custody of
> the State of North Carolina you're back at it. You get arrested for this
> offense.
>
> The instant offense, however, is not limited to your possessing and
> distributing marijuana. Basically, it also involves the seizure of an arsenal
> from your property, including a wireless surveillance system, four firearms --
> that includes a stolen assault rifle, a military ballistic vest, a satchel
> containing holsters, magazines and multiple rounds of ammunition.
>
> And you get shot in August of 2007. So, I mean, you know you're
> around people you shouldn't be.
>
> And, nonetheless, with these charges -- pending charges hanging over

your head and a limited ability to move, you get arrested on September 25, 2007, because you're manufacturing marijuana and you're maintaining a vehicle or dwelling place for controlled substances.

It is a profound jump from what a Level 14, Criminal History VI, would normally be facing to where we are today. But I am compelled to deny the motion to dismiss and to find that a sentence within the guideline range is going to be necessary to promote respect for the law, to deter your conduct, to protect the public from you, Mr. Parrish, and to do all the other things that a sentence needs to do. But I need to give you a chance to talk before I finally decide what your sentence will be. And I invite you now, if you want to say anything, to please do so.

(DE-45, pp.12-14).

Parrish then spoke at some length and apologized for his actions. When he had

finished, the district court announced as follows:

I find the basis for the findings in the presentence report to be credible and reliable, and the court adopts those as the Court's own.

I've considered the advice of the guidelines in this case, specifically and generally, and the factors set forth in 18 United States Code, Section 3553.

Pursuant to the Sentencing Reform Act of 1984, it's the Court's decision that you, Mr. Parrish, be committed to the custody of the Bureau of Prisons to serve a prison term of 60 months on Count 2 and a prison term of 202 months on Count 3, consecutive to the sentence of imprisonment that's imposed on Count 1, for a total term of 262 months, which is at the lowest end of the guidelines.

(DE-45, p.15).

As demonstrated by the above-quoted transcript, the district court based its sentence

upon multiple, appropriate considerations, including the nature of the offense, Parrish's

criminal history, and the need to promote respect for the law. The district court also

clearly afforded Parrish the opportunity to speak before sentencing. Parrish's attempts to

take statements by the district court out of context are unpersuasive and provide no support

for his claims of ineffective assistance of counsel. The undersigned therefore

18

RECOMMENDS that the Court deny his claims of ineffective assistance of counsel based on these grounds and grant the government's motion to dismiss.

## IV.  CONCLUSION

Parrish fails to show that his counsel's performance was objectively unreasonable or that prejudice resulted from his counsel's alleged errors.  As such, the undersigned finds that Parrish has not sustained his claims of ineffective assistance of counsel.  Thus, for the foregoing reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-58) be GRANTED and that Parrish's motion to vacate be DENIED as to his claims of ineffective assistance of counsel.  This memorandum and recommendation does not affect the previous recommendation (DE-69), adopted by the district court (DE-70), that Parrish be resentenced in accordance with United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, March 12, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE